**AFFIRM; and Opinion Filed February 19, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00384-CV

## ROHINI MALIK, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF STEPHEN FRIEDEL, Appellant
## V.
## ANUPAMA BHARGAVA, M.D. AND THE HILLCREST CLINIC, P.A. D/B/A HILLCREST FAMILY MEDICINE, P.A., Appellees

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-02568-2012**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang, and Brown
Opinion by Justice Brown

Appellant Rohini Malik, individually and as representative of the estate of Stephen Friedel, brought this wrongful death action against appellees Anupama Bhargava, M.D. and the Hillcrest Clinic, P.A. d/b/a Hillcrest Family Medicine, P.A. after Malik's alleged husband Friedel died from cardiac arrest. Appellees moved for summary judgment on grounds that Malik had no standing to bring this lawsuit because she and Friedel were divorced at the time of his death. Malik responded that she and Friedel had an informal marriage after their divorce. The trial court granted summary judgment for appellees. Because we conclude the evidence conclusively establishes that there was no new agreement to be married before Friedel's death, we affirm the trial court's judgment.

Malik and Friedel entered into a ceremonial marriage on August 12, 2006. For financial reasons, Malik and Friedel divorced on June 9, 2008. In her deposition, Malik explained that she and Friedel both entered into the marriage with debt and were concerned that, in a bad economy, if one spouse was laid off from work, the other spouse would become responsible for all debt. They wanted "to protect the income of whatever spouse was still working" and avoid filing for bankruptcy. In 2008 and 2009, Malik and Friedel filed separate federal income tax returns, each indicating they were "single." According to Malik, the divorce was "just on paper." After the divorce, Malik and Friedel continued to live together and wear their wedding rings. They still shared their lives as if they were husband and wife. They did not tell their family and friends about the divorce.

Two years after the divorce, in the summer of 2010, Friedel sought medical treatment from Dr. Bhargava in her office. Friedel listed Malik as his wife on forms he filled out in Bhargava's office. On July 20, 2010, Friedel saw Bhargava, complaining of shortness of breath. Bhargava diagnosed Friedel with an upper respiratory infection. On August 25, 2010, Friedel had another appointment with Bhargava, again complaining of shortness of breath. Bhargava treated Friedel for asthma. Three days later, on August 28, 2010, EMS was called to Friedel's residence and transported him to the hospital. Friedel still complained of shortness of breath and was diagnosed with a severe pulmonary embolism. As he was being treated for this condition in the emergency room, he suffered a cardiac arrest and died.

Friedel's parents and Malik brought this wrongful death action against Bhargava and the clinic at which she practiced medicine, alleging that Bhargava was negligent in failing to identify the underlying cause of Friedel's respiratory distress and in failing to timely refer him to the emergency room. Appellees moved for summary judgment as to Malik, asserting Malik had no standing to bring this suit because of the divorce. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§

71.004, 71.021 (West 2008) (to have standing to sue under wrongful death and survival statutes, Malik must be Friedel's surviving spouse). The trial court granted appellees' motion for summary judgment and severed Friedel's parents' claims. This appeal followed.

In a single issue, Malik contends the trial court erred in granting summary judgment because she produced evidence sufficient to create a question of fact regarding the existence of an informal marriage. We disagree.

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The standard for reviewing a traditional motion for summary judgment under rule 166a(c) is well established. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548-49 (Tex. 1985); *see* TEX. R. CIV. P. 166a(c). The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon,* 690 S.W.2d at 548-49. In deciding whether a material fact issue exists, evidence favorable to the non-movant will be taken as true. *Id.* at 549.

To prove the existence of an informal marriage in Texas, one must show three things: 1) the parties agreed to be married, 2) after the agreement they lived together in Texas as husband and wife, and 3) they represented to others that they were married. TEX. FAM. CODE ANN. § 2.401(a)(2) (West 2006); *Smith v. Deneve*, 285 S.W.3d 904, 909 (Tex. App.—Dallas 2009, no pet.); *Lewis v. Anderson*, 173 S.W.3d 556, 559 (Tex. App.—Dallas 2005, pet. denied). There is no dispute here that there is evidence that after the divorce Malik and Friedel continued to live together as if they were husband and wife and represented to others that they were married. At issue is the first element of an informal marriage, whether Malik and Friedel agreed to be married. To establish an agreement to be married, the evidence must show the parties intended to have a present, immediate, and permanent marital relationship and that they did in fact agree to be husband and wife. *Small v. McMaster*, 352 S.W.3d 280, 283 (Tex. App.—Houston [14th

Dist.] 2011, pet. denied); *Winfield v. Renfro*, 821 S.W.2d 640, 645 (Tex. App.—Houston [1st Dist.] 1991, writ denied).

Here, Malik testified clearly in her deposition about her and Friedel's plans to remarry after the divorce. She stated that "the intent of the divorce was to settle the financial issues and then to remarry once those issues were - - were fixed." She further described the reasoning behind the divorce:

> A. . . . Let's separate the finances and see what we can do to fix it. And then the intent was to legalize the marriage again, you know, one - - once everything was resolved.
>
> Q. And what are you talking about being resolved?
>
> A. Paying off the creditors.
>
> Q. Were you ever able to pay off the creditors prior to the time he passed away?
>
> A. No.
>
> Q. And it was your intention at the time that you filed for divorce to - - at least your intention to subsequently remarry once the creditors had been paid off?
>
> A. Yes.
>
> Malik later testified as follows:
>
> Q. After the judge granted the divorce, did you recognize that under the law of the State of Texas, you were in fact divorced?
>
> A. Yes.
>
> Q. From the time of judge - - that the judge signed this divorce decree up until the time Mr. Stephen Friedel died, did you and he ever get together and make some new agreement to get married after that?
>
> A. Just verbally.
>
> Q. Okay. Was that the verbal agreement you had before you'd - -
>
> A. Yeah, we just - -
>
> Q. - - filed the divorce?
>
> A. Yes.

Q. I'm talking about after the divorce was granted, did you enter into any new agreement to get married?

A. Just the same one.

Q. So in other words, there was no new agreement, correct?

A. No.

Q. Am I correct?

A. Yes.

We recognize that, in many cases, the existence of an informal marriage is going to be a fact question. *See, e.g., Alonso v. Alvarez*, 409 S.W.3d 754, 758 (Tex. App.—San Antonio 2013, pet. denied) (sufficient evidence to support trial court's finding that parties had informal marriage after divorce); *Lewis*, 173 S.W.3d at 558-64 (evidence sufficient to support jury's finding that informal marriage existed after divorce). Under the unusual circumstances of this case, however, no fact question exists. There is direct evidence from Malik that there was no new agreement to be married after the divorce and before Friedel's death. Malik and Friedel's intent was to remarry later, after their debts were paid. The couple's debts were not paid prior to Friedel's death. Evidence that might under other facts amount to circumstantial evidence of the couple's agreement, such as Friedel's listing Malik as his wife on medical forms, does not create a fact issue here in the face of direct evidence of the couple's exact agreement to remarry in the future. Thus, we conclude the evidence establishes as a matter of law that no informal marriage existed. The trial court did not err in granting summary judgment for appellees. We resolve Malik's sole issue against her.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

130384F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROHINI MALIK, INDIVIDUALLY AND
AS REPRESENTATIVE OF THE ESTATE
OF STEPHEN FRIEDEL, Appellant

No. 05-13-00384-CV      V.

ANUPAMA BHARGAVA, M.D. AND
THE HILLCREST CLINIC, P.A. D/B/A
HILLCREST FAMILY MEDICINE, P.A.,
Appellees

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-02568-2012.
Opinion delivered by Justice Brown.
Justices O'Neill and Lang participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees ANUPAMA BHARGAVA, M.D. AND THE HILLCREST CLINIC, P.A. D/B/A HILLCREST FAMILY MEDICINE, P.A. recover their costs of this appeal from appellant ROHINI MALIK.

Judgment entered this 19th day of February, 2014.

/Ada Brown/
ADA BROWN
JUSTICE